MOSES v. WILLIS, Collector of Customs.

(First Division. Juneau. March 19, 1912.)

No. 904A.

GAME (§ 5*)—SHIPMENT FROM ALASKA—LICENSE.

Plaintiff prayed for a writ of mandate to compel the defendant, the collector of customs, to issue a shipper's manifest authorizing him to export a grizzly bear pelt or rawhide to Seattle, Wash. The collector answered that the pelt was that of a brown bear, which is forbidden to be exported without license, which was not obtained in this instance. *Held*, a brown bear pelt, and the writ denied.

[Ed. Note.—For other cases, see Game, Cent. Dig. § 4; Dec. Dig. § 5.*]

This is an action for a writ of mandate, requiring J. R. Willis, as collector of customs for the district of Alaska, to

*See same topic & § NUMBER in Dec. & Am. Digs. Key No. Series & Rep'r Indexes

issue to the plaintiff a shipper's manifest for the shipment from Juneau, Alaska, to Seattle, Wash., of one grizzly bear pelt or hide.

To the petition the defendant answered, denying, among other things, that on the 23d day of February, 1912, or at any other time, the plaintiff applied to the defendant for a shipper's manifest for the shipment from Juneau, Alaska, to Seattle, Wash., of one grizzly bear pelt, and denies that the said plaintiff at said time, or at any other time, exhibited to the defendant a grizzly bear pelt, and denies that he as collector of customs, at the time in question, or at any other time, refused to issue a shipper's manifest to the plaintiff herein for the shipment of any furs or other merchandise that could lawfully be shipped from Alaska, or to which the plaintiff was entitled under the law to a shipper's manifest; that the bear pelt referred to in plaintiff's petition is not and was not the pelt of a grizzly bear but was and is the hide of a brown bear in contemplation of the law approved May 11, 1908, entitled "An act to amend an act entitled 'An act for the protection of game in Alaska, and for other purposes, approved June 7, 1902'" (Act May 11, 1908, c. 162, 35 Stat. 102), and that said hide or pelt was not accompanied by the license or coupon provided for by sections 5 and 6 of said law; and that he (the defendant) has no authority to issue any shipper's manifest for the hide in question.

Z. R. Cheney, of Juneau, for petitioner.

John Rustgard, of Juneau, U. S. Atty., for defendant.

LYONS, District Judge. It is conceded that the only question involved in this proceeding is whether the hide or pelt described in the complaint is the hide of a grizzly or of a brown bear. If it is the hide of a grizzly bear, plaintiff is entitled to the relief demanded. If it is the hide of a brown bear, plaintiff is not entitled to any relief, and the proceeding should be dismissed.

Section 3 of an act of Congress, dated June 7, 1902, entitled "An act for the protection of game in Alaska, and for other purposes" (Act June 7, 1902, c. 1037, 32 Stat. 327), provides

that it shall be unlawful for any person to kill more than four large brown bears in any one year in the district of Alaska; and it is apparent from a consideration of the entire act that the large brown bear is the species of bear that is protected by that act of Congress. The act of May 11, 1908, entitled "An act to amend an act entitled 'An act for the protection of game in Alaska, and for other purposes,' approved June 7, 1902," defines what shall be considered game animals, and includes brown bear among the list. Section 6 of the last-mentioned act of Congress provides:

"That it shall be unlawful for any persons, firm, or corporation, or other officers or agents, to deliver to any common carrier, or for the owner, agent or master of any vessel, or for any other person to receive for shipment or have in possession with intent to ship out of Alaska, any wild birds, except eagles, or parts thereof, or any heads, hides, or carcasses of brown bear, caribou, deer, moose, mountain sheep, or mountain goats, or parts thereof, unless said heads, hides, and carcasses are accompanied by the required license or coupon and by a copy of the affidavit required by section five of this act."

It would seem that the act of May 11, 1908, includes all varieties of the brown bear species within the district of Alaska, and protects the same as game animals, while the act of June 7, 1902, was intended to protect the large brown bear of Kodiak Island and the Kenai Peninsula. The plaintiff himself and other witnesses in his behalf testified that in their opinion the hide described in the complaint is the hide of a grizzly bear, and the plaintiff testified that the bear from which the hide was taken was killed on Admiralty Island. The witnesses for the plaintiff further testified that in their opinion there is no other species of bear on Admiralty Island, except the species to which the particular bear in controversy belongs. Plaintiff offered in evidence an article found in "the American Natural History, a fountain of useful knowledge of the higher animals of North America," by William D. Hornaday, director of the New York zoölogical park, which article commences on page 32 of that work and ends on page 41. On page 36 the author says:

"In 1896 the specimens collected by the United States biological survey, at Washington, revealed to Dr. C. Hart Merriam the pres-

ence in Alaska of two or three species and subspecies of huge brown bears, totally different in character from all the American bears previously known. These bears range from Sitka around to the extremity of the Alaskan Peninsula, Kodiak Island, and inlands for unknown distances. They are marked by their light brown color, high shoulders, massive heads of great breadth, short, thick claws, and shaggy pelage. In their high shoulders, they resemble the grizzly bear, but otherwise differ from them in many ways."

The defendant offered in evidence an article by Wilford H. Osgood, assistant biologist, biological survey, commencing on page 468 of the Year Book of the Department of Agriculture, issued 1907. On page 479 of said work the author says:

"The varieties of brown bears as at present classified are as follows: The Kodiak bear (Ursus middendorffi), inhabiting Kodiak Island; the Alaska Peninsula bear (Ursus dalli gyas), of the Alaska Peninsula; the Yakutat bear (Ursus dalli), of the vicinity of Yakutat Bay and the coast north and south for undetermined distances; the Sitka bear (Ursus sitkensis) of Baranof Island; the Admiralty bear (Ursus eulophus), of Admiralty Island; and the Kidder bear (Ursus kidder), of the Alaska Peninsula. With the exception of the last three, which are smaller than the others and of uncertain relationships, all the brown bears are similar in general characters and external appearance; the varietal distinctions being based mainly upon cranial characters obvious only to professional mammalogists."

On page 35 of Mr. Hornaday's work, before cited, is given a list of the different varieties of the Alaska brown bear. They are as follows: Kodiak bear (Ursus middendorffi—Merriam), Kodiak Island, Alaska; Yakutat Bear (Ursus dalli—Merriam), Yakutat Bay, Alaska; Peninsula Bear (Ursus dalligyas —Merriam), Pavlof Bay, Alaska; Merriam's Bear (Ursus merriami—Allen), Portage Bay, Alaska; Kidder's Bear (Ursus kidderi—Merriam), Chitina Bay, Alaska; Sitka Bear (Ursus sitkensis—Merriam), Alaska coast, near Sitka. Neither of the works that have been offered in evidence claim that there are any grizzly bears on the archipelago of Southeastern Alaska, and the witnesses called for the plaintiff stated that they only knew of one species on the islands near Sitka (that is, Chicagoff, Baranoff, and Admiralty Islands), and they further stated that the hide described in the complaint belonged to a bear of that species. The article written by Mr. Osgood, above

referred to, was published in the Year Book of 1907, probably less than a year prior to the passage of the act of May 11, 1908. It is reasonable to assume that Congress, in eliminating the word "large" contained in the act of 1902 from the later act of 1908, intended to protect all the varieties of the brown bear species within the district of Alaska, as described by Mr. Osgood in the article hereinbefore referred to. It is difficult to describe the color of the pelt offered in evidence, but the predominating color is brown. It is true that the outer extremities of some of the hairs on the back of the pelt are gray, but the sides are of a dark brown color; and even the hairs on the back of the hide are brown, excepting the tips of some of them which, as before stated, are gray, and the commingling of the two colors produces a general effect which might be styled a buffy brown. Mr. Osgood says in the article mentioned that the color of the Alaskan brown bear species varies greatly, ranging from dark seal brown to buffy brown; the feet, legs, and under parts usually being darker than the shoulders or back.

All the evidence before the court is to the effect that there is only one species of bear on Admiralty Island, and Mr. Osgood, who is an authority on such matters, says that a variety of the brown bear species inhabits that island. The work offered in evidence by the plaintiff shows that there is a brown bear in Alaska known as the Sitka brown bear. The court must conclude that the hide or pelt described in the complaint is the hide of a variety or subspecies of the brown bear species which is protected by law, and which may not lawfully be shipped from Alaska, except in accordance with the provisions of the act of Congress approved May 11, 1908. It must be conceded that plaintiff has neither pleaded nor proved that he has complied with the provisions of the act entitling him to ship the hide of a brown bear from the district of Alaska.

It follows that plaintiff is not entitled to the relief sought, and, for the reasons herein assigned, this proceeding must be dismissed; and it is so ordered.